IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN GUARANTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 11-0506-KD-B ) |
| WILLIAM L. ROBINSON, JR., | ) ) |
| Defendant. | ) |

## ORDER

This action is before the Court on plaintiff Southern Guaranty Insurance Company's motion for entry of default judgment (doc. 5). Upon consideration and for the reasons set forth herein, the motion is DENIED.

Robinson has not "been defaulted for failure to appear" because plaintiff has not applied for entry of default by the Clerk as provided in Fed. R. Civ. P. 55(a).[1] *Owens v. Benton*, 2006 WL 1824153, *1 (11th Cir. 2006). In this action, plaintiff alleges that defendant Robinson has failed to plead or otherwise defend this action; however, entry of default by the Clerk is a prerequisite to entry of a default judgment. *Owens*, 2006 WL 1824153, *1 ("When a defendant has been defaulted for failure to appear, upon request by the plaintiff, the clerk shall enter judgment . . . if the amount is 'for a sum certain or for a sum which can by computation be made certain.' [ ] In all other cases, the party entitled to default judgment must apply to the court.") (citing Fed.R.Civ.P. 55(b)(1) and (2)).

DONE and ORDERED this 28th day of November, 2011.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE

---

[1] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).