**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**SOUTHERN GUARANTY INSURANCE COMPANY,**

**Plaintiff,**

**vs.** **CIVIL ACTION NO. 11-0506-KD-B**

**WILLIAM L. ROBINSON, JR.,**

**Defendant.**

**ORDER**

This action is before the Court on plaintiff Southern Guaranty Insurance Company's motion for default judgment (doc. 11). Upon consideration and for the reasons set forth herein, the motion is GRANTED.[1]

I. Procedural history

On August 29, 2011, plaintiff Southern Guaranty Insurance Company filed its complaint for declaratory judgment relating to a homeowners' insurance policy issued to defendant William L. Robinson, Jr. (doc. 1). Southern Guaranty seeks a determination as to whether it has met all its duties under the policy with respect to Robinson's property damage claim and that Robinson has no right to invoke the appraisal provisions in the policy. Robinson was served with the summons and complaint by certified mail on October 12, 2011 (doc. 3). Robinson failed to answer, plead, or otherwise defend this action and the Clerk entered default on December 1, 2011 (doc. 10). Subsequent thereto, Southern Guaranty filed its motion for default judgment (doc. 11).

II. Jurisdiction

Southern Guaranty alleges that this Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*. In the

---

[1] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the Court may conduct a hearing to enter a judgment if the Court needs to "conduct an accounting", "determine the amount of damages", "establish the truth of any allegation by evidence" or "investigate any other matter." Upon review of the pleadings, the Court finds that a hearing is not necessary.

complaint, Southern Guaranty alleges that it is a citizen of Wisconsin, that Robinson is a citizen of Alabama, and that the amount in controversy exceeds $75,000.00. The complaint was signed by counsel for Southern Guaranty and thus subject to Rule 11(b)(3) of the Federal Rules of Civil Procedure which provides that "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support". Therefore, the Court will accept these jurisdictional allegations as true.

The Court must also determine whether it has personal jurisdiction over Robinson. "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 n. 15 (11th Cir. 2003); *see, e.g., Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (citation omitted); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). "It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, 2011 WL 6752561, 2 (M.D. Fla. November 16, 2011) (citations omitted)

Southern Guaranty alleges that Robinson is a citizen and resident of Mobile County, Alabama who contracted with Southern Guaranty to insure his home in Mobile County, Alabama and that Southern Guaranty does business in the State of Alabama. Thus, Robinson is amenable to jurisdiction. Thus, this Court must be sure of valid service of process before entry of default judgment against Robinson. In that regard, Robinson was served with the summons and complaint by certified mail on October 11, 2011 (doc. 3). The certified mail return receipt was signed by

"Anthoni L. Robinson".[2] The complaint identifies Anthoni Robinson as William Robinson's wife (doc. 1, p. 4, ¶ 13). The return receipt indicates that the summons and complaint was mailed to the same address in Mobile County, Alabama as the address on the homeowners insurance policy.

Rule 4(e) of the Federal Rules provides for serving an individual within the jurisdiction of the district courts of the United States but does not provide for service by certified mail. However, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. . . ", *i.e*, Mobile County, Alabama. Fed. R. Civ. P. 4(e)(1). In that regard, the Alabama Rules of Civil Procedure provide for service by certified mail, return receipt requested, sent by counsel and effective upon the date of delivery to the "named addressee or the addressee's agent as evidence by signature on the return receipt. Ala. R. Civ. P. Rule 4(i)(2)(B)(ii) and (C).

III. <u>Findings of Fact</u>

Upon consideration of the pleadings, the Court makes the following findings of fact:

On or about February 22, 2004, Southern Guaranty issued a homeowners insurance policy to Robinson wherein Southern Guaranty agreed to pay certain losses resulting from property damage covered by the policy.[3]

On September 16, 2004, Robinson's home was damaged by Hurricane Ivan and he submitted a claim under his homeowners policy. Robinson also hired a contractor who began making repairs before Southern Guaranty's adjuster had inspected and adjusted the damage. At the inspection, Robinson's contractor agreed to the adjusted value of loss, the scope of work, and that the scope of work was sufficient to address the damage. By check dated October 8, 2004, Southern Guaranty paid Robinson the entire amount of the adjusted loss, minus the deductible, in exchange for a sworn proof of loss for that amount. Robinson deposited the check, used some portion to pay the contractor, and had no further communication with Southern Guaranty until May 20, 2010.

[2] Following Anthoni Robinson's signature, there are letters which appear to be "PoA" . These letters may indicate that she signed under a Power of Attorney (doc. 3, p. 2)

[3] A copy of the policy is attached to the complaint as Exhibit A.

Almost six years later, on May 20, 2010, counsel for Robinson sent a letter to Southern Guaranty demanding an appraisal for the damages based on his complaint that an insufficient value had been assigned to the loss. In the letter, Robinson invoked the appraisal provision of the policy which states as follows:

SECTION I - CONDITIONS

- - - -

> 6. Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> a) Pay its own appraiser; and
>
> b) Bear the other expenses of the appraisal and umpire equally.

(doc. 1-1, p. 13).

Southern Guaranty took examinations under oath of Robinson and his wife Anthoni Robinson. Southern Guaranty alleges that the Robinsons testified that the home repairs were insufficient because Southern Guaranty failed to assign sufficient value to the loss. Southern Guaranty also obtained information regarding the Robinson's agreement with the contractor.

Southern Guaranty identified its appraiser. However, as of the date of filing the complaint, and to the present, Robinson has not identified an appraiser and the parties have not agreed to an umpire.

IV. Standard of review

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. Fed. R. Civ. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." Fed. R.

Civ. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default. Fed.R.Civ.P. 55(b)(1). In all other circumstances, such as here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted). Therefore, Southern Guaranty must establish a "prima facie liability case" against the defendant. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)

V. <u>Analysis</u>

In addition to service of the summons and complaint, the record shows that Robinson was

given notice of the default proceedings against him. Robinson was served with a copy of the motion for entry of default, a copy of the motion for default judgment, and the Clerk's entry of default (doc. 9, p. 2; doc. 11, p. 3; doc. 11-1). Also, the Clerk mailed a copy of the entry of default to Robinson (doc. 10). Southern Guaranty mailed a courtesy copy of the complaint to Robinson's attorney, Earnest Eugene Warhurst, Jr. (doc. 9-2, p. 2).[4] Warhurst was also served with a copy of the motion for entry of default, a copy of the motion for default judgment and a copy of the Clerk's entry of default (doc. 9, p. 2; doc. 11, p. 3; doc. 11-1). He did not appear on behalf of Robinson. Therefore, Robinson has had notice of the proceedings and has not plead, answered or otherwise responded to the complaint or motions.

Upon consideration of the pleadings, the Court is satisfied that the well-pleaded allegations of the complaint state a basis for declaratory relief as to Robinson and that there is a substantive, sufficient factual basis in the pleadings for the declaratory relief sought by Southern Guaranty. Southern Guaranty attached a copy of the homeowners policy which binds the parties to the conditions for obtaining an appraisal when a claimant such as Robinson, disputes the adjusted loss. (doc. 1-1, ¶ 13). Because Southern Guaranty's allegations are deemed admitted by default by Robinson, the Court declares as follows:

> That Southern Guaranty has met all of its duties under the subject policy with respect to the Robinson property damage claims arising from Hurricane Ivan; and
>
> that under these circumstances, Robinson has no right to invoke the Appraisal provisions of the policy.[5]

---

[4] Counsel for Southern Guaranty identified Warhurst as Robinson's attorney in Counsel's affidavit in support of the motion for entry of default.

[5] In the motion for default judgment, Southern Guaranty asks that the Court include in the judgment a finding that Robinson "has been paid in full for all property damage claims arising from Hurricane Ivan and that [Robinson] has no claim for other or further relief under the homeowner's insurance policy issued to him by" Southern Guaranty (doc. 11, p. 2). Southern Guaranty did not include this request in its complaint for declaratory relief. Generally, a "default judgment must not (Continued)

A separate Judgment consistent with the terms of this Order shall issue contemporaneously herewith.

The Clerk is directed to mail a copy of this Order, by certified mail, to Defendant William L. Robinson, Jr. at his address of record.

DONE and ORDERED this 1st day of February, 2012.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). However, by finding that Southern Guaranty has met its duty to Robinson as to this claim, the Court has determined that Robinson has been paid in full, since the duty to pay for damages is implicit in a contract for homeowners insurance. But, Robinson may have other or further claims for relief arising from the homeowners' policy and the Court will make no declaration as to such.